UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLIOTT EICHENHOLZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-11786-LTS |
| ) | |
| BRINK'S INC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

May 9, 2017

SOROKIN, J.

For the reasons that follow, Defendant Gordon Campbell's Motion to Dismiss (Doc. 13) Counts One, Two, Seven, Eight, Nine, and Ten of the Amended Complaint is DENIED.

I.  BACKGROUND[1]

On September 1, 2016, Plaintiff Elliott Eichenholz filed a complaint against Defendants Brink's Incorporated ("Brink's") and Campbell. Doc. 1. Campbell filed a motion to dismiss (Doc. 8), after which Plaintiff filed the instant Amended Complaint (Doc. 12), rendering that motion moot. Campbell then filed the instant Motion. Doc. 13.

---

[1] In considering the instant Motion, the Court must accept the Complaint's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Saldivar v. Racine, 818 F.3d 14, 16 (1st Cir. 2016). The Court "augment[s] those facts with facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005) (citations omitted); see also Martinez-Rivera v. Commonwealth of Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016).

1

Plaintiff, who was a Brink's employee and supervised by Campbell, claims Defendants discriminated and retaliated against him in violation of various state and federal laws. Essentially, Plaintiff alleges that Defendants (1) mistreated him because he requested medical leave; and (2) treated him differently than similarly situated younger and female employees, in particular one such employee with whom Campbell was allegedly "having an affair." Doc. 12 at 5, 11, 16. In Counts One and Two, Plaintiff sues Defendants for violating his rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Doc. 12 at 13. In Counts Seven through Ten, Plaintiff sues Defendants for violating his rights under Mass. Gen. Laws ch. 151B (hereinafter, "151B").[2] Doc. 12 at 16-17. Campbell has moved to dismiss these counts against him. Doc. 13.

II.     COUNTS ONE AND TWO

Campbell argues he may not be named as a defendant in Counts One and Two, which arise under the FMLA, because the FMLA does "not allow[] claims against individual defendants." Doc. 14 at 15. The Court rejects this argument. Liability under the FMLA may attach to any "employer," which includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A). The First Circuit has yet to decide whether an individual can be held liable under this definition. However, it has held that individuals may be sued under the Federal Labor Standards Act (FLSA), whose definition of "employer" is "materially identical" to the FLSA's. Manning v. Boston Med. Cntr. Corp., 725 F.3d 34, 47 (1st Cir. 2013); Haybarger v. Lawrence County Probation, 667 F.3d 408, 414 (3d Cir. 2012) (citations and internal quotation marks omitted). In

---

[2] Campbell either is not named in or does not challenge the other counts in the Amended Complaint.

large part because of this similarity, the majority of federal courts that have addressed "the issue of private supervisor liability [under the FMLA] have concluded that such liability exists," a conclusion which this Court has implicitly adopted. Chacon v. Brigham & Women's Hosp., 99 F. Supp. 3d 207, 213 n.5 (D. Mass. 2015) (citations and internal quotation marks omitted); see also Haybarger, 667 F.3d at 414-15 & n.4.[3] Thus, Campbell's argument that he cannot be sued under the FMLA is unavailing.

### III. COUNTS SEVEN THROUGH TEN

Campbell argues that he may not be named as a defendant in Counts Seven through Ten, which arise under 151B, because Plaintiff "failed to administratively exhaust any claims against" him. Doc. 13 at 1. Campbell argues that Plaintiff's 151B claims against him are barred because Plaintiff "fail[ed] to name Mr. Campbell as a respondent" in an Equal Employment Opportunity Commission (EEOC) charge, thus depriving Campbell of "notice of personal claims against him and the possibility he would face a lawsuit in his individual capacity, the opportunity to participate in the EEOC process, and the opportunity to potentially conciliate the claims." Doc. 14 at 6-7. Campbell argues that "civil claims against individual managers should be dismissed even if the manager was identified in the charge of discrimination's factual allegations or statement of particulars as having been involved in the wrongful conduct." Id. at 8. As the Court will explain infra, this argument contradicts both state and federal precedents.

---

[3] Campbell does not argue, in either his opening brief or reply brief, that if the FMLA permits individual liability, the Court should nonetheless dismiss the Complaint against him for lacking sufficient factual allegations to plausibly allege he "exercise[d] sufficient control over" Plaintiff. Chacon, 99 F. Supp. 3d at 213 n.5 (citation omitted); see Doc. 14 at 14-16; Doc. 22 at 6-7. Thus, Campbell has waived this argument. Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 352 n.133 (D. Mass. 2010) (citations omitted).

1. Relevant Facts

On November 11, 2015, Campbell, who was Plaintiff's supervisor, gave Plaintiff a Performance Improvement Plan letter ("PIP letter") containing various demands that Plaintiff needed to meet within the next thirty to ninety days. Doc. 12 at 6. Campbell alleges this letter was "patently contrary to" various laws because he was on disability leave when the letter was issued. Id.

On November 24, 2015, Plaintiff filled out an Equal Employment Opportunity Commission (EEOC) intake questionnaire, in which he stated that Campbell had discriminated against him. Doc. 1-2 at 2. This questionnaire "was provided to" Campbell. Doc. 12 at 12.

On January 29, 2016, Campbell sent Plaintiff an email stating, "Now that you have returned from your FMLA [leave] . . . I expect you to develop a plan to address the [areas of improvement specified in the PIP letter]." Doc. 1-3. On February 1, 2016, Plaintiff resigned, giving two weeks' notice, to "ensure that he was no longer subjected to unlawful harassment . . . [and] a hostile work environment." Doc. 12 at 8; Doc. 1-4 at 2. On February 2, 2016, Brink's terminated Plaintiff's employment. Doc. 1-4.

On February 10, 2016, Plaintiff filed a charge of discrimination against Brink's with the EEOC.[4] Doc. 14-5 at 3-4. The charge asked Plaintiff to name "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" that he believed discriminated against him. Id. Plaintiff named only Brink's. Id. In explaining "the particulars" of his claim, however, Plaintiff explained that Campbell's alleged behavior was the reason Plaintiff resigned. See id.

---

[4] This EEOC charge was actually Plaintiff's second; he previously filed one against Brink's on January 12, 2016. However, that charge is merely a less detailed version of the February 10, 2016, charge, and is irrelevant for purposes of this Order, except perhaps to the extent that he twice failed to name Campbell as a respondent in an EEOC charge.

4

On February 18, 2016, the Massachusetts Commission Against Discrimination (MCAD) sent Brink's a letter stating that it had received a copy of the EEOC charge and that the EEOC would process the charge unless Plaintiff requested otherwise. Doc. 1-5. On February 23, 2016, the EEOC sent Brink's counsel notice of a mediation session between Plaintiff and Brink's, to be conducted by the EEOC. Doc. 14-6. The notice stated: "With limited exception, the general rule is parties may bring whomever they believe will help foster resolution of the charge." Id. at 2. According to the Amended Complaint, "Brink's counsel advised Eichenholz that defendant Campbell was aware of the EEOC Charge and related documents filed with the EEOC, and further that defendant Campbell's input was involved and considered in the EEOC mediation."[5] Doc. 12 at 12-13.

On March 21, 2016, the EEOC asked Brink's to provide a position statement in response to Plaintiff's charge. Doc. 14-7. On June 6, 2016, the EEOC dismissed Plaintiff's charge and sent Brink's notice of the dismissal. Doc. 14-8.

2.  Relevant Law

Failure to exhaust administrative remedies before filing suit is an affirmative defense that the "defendant has the burden to plead and prove." Briscoe v. Kerry, 111 F. Supp. 3d 46, 53 (D.D.C. 2015); see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Salas v. Wisconsin Dept. of Corr., 493 F.3d 913, 921 (7th Cir. 2007). This Court has held that if,

---

[5] Campbell asks the Court not to consider this allegation because "the only plausible reading is that Plaintiff is [unlawfully] repeating communications made during the [confidential] EEOC mediation between him and Brink's." Doc. 14 at 12. The Court does not think this is the "only plausible reading": Brink's counsel may well have advised Eichenholz after the mediation that Campbell had notice of the EEOC charge and his input was involved. Furthermore, Campbell has not formally moved to strike the allegation, and the Court is required to accept a complaint's allegations as true. Saldivar, 818 F.3d at 16. In any event, even if this particular allegation were struck, the Court finds it can be "reasonably inferred from [other] allegations in the complaint" that Campbell had notice of the charge and his input was involved in the mediation, for reasons discussed infra. Preston v. Second Wind, Inc., 824 F. Supp. 2d 247, 251 (D. Mass. 2011) (citation and internal quotation marks omitted).

accepting a complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff "plausibly alleges" she either satisfied or is exempted from the exhaustion requirement, the suit may proceed to discovery, with the defendant retaining the right to renew the defense at summary judgment.  Nolet v. Armstrong, 197 F. Supp. 3d 298, 307 & n.6 (D. Mass. 2016); see Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Before suing under 151B, a plaintiff must file with the MCAD "a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of . . . , which shall set forth the particulars thereof."  Mass. Gen. Laws ch. 151B, § 5.  "Pursuant to a work-sharing agreement between the EEOC and the MCAD, . . . claims filed with MCAD or the EEOC are effectively filed with both agencies."  Williams v. City of Brockton, 59 F. Supp. 3d 228, 245 (D. Mass. 2014) (citation, footnote, and internal quotation marks omitted).  The purpose of 151B's administrative exhaustion requirement are "(1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability."  Everett v. 357 Corp., 453 Mass. 585, 600 (2009) (citations omitted).

The Massachusetts Supreme Judicial Court (SJC) "has not spoken directly to the subject" of whether a plaintiff's failure to name someone as a respondent in an EEOC charge necessarily precludes suing that person under 151B.  Noviello v. City of Boston, 398 F.3d 76, 91 (1st Cir. 2005).  However, the Massachusetts Appeals Court has stated that, although a plaintiff "cannot maintain a civil action against any defendant not named in [an] MCAD complaint," there "may be an exception where a plaintiff filed an MCAD complaint against another party and the unnamed party had notice and opportunity to participate in the proceedings."  Butner v. Dept. of

6

State Police, 60 Mass. App. Ct. 461, 468 & n.14 (2004); see Noviello v. City of Boston, 398 F.3d 76, 91 (1st Cir. 2005) ("[T]he decision of an intermediate appellate court of the state generally constitutes a reliable piece of evidence.") (citations omitted). Federal courts have held such an exception exists in Title VII cases, see, e.g., Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013), and the Supreme Judicial Court of Massachusetts (SJC) "often look[s] to" federal anti-discrimination law when interpreting 151B, unless the case before it concerns a 151B provision that differs from federal law.[6] Bain v. City of Springfield, 424 Mass. 758, 765 n.4 (1997). Indeed, in King v. First, 46 Mass. App. Ct. 372 (1999), the Massachusetts Appeals Court "[a]ssum[ed] without deciding" that there were exceptions to the general rule that "failure to name a party in the complaint filed with the MCAD . . . bar[s] a plaintiff from later maintaining a G.L. c. 151B claim in court against the party," because federal courts "consistently held" similar exceptions exist in Title VII cases.[7] Id. at 373-75.

Moreover, in Brunson v. Wall, the SJC held that a complainant who chooses to pursue an MCAD decision on a discrimination claim is precluded from relitigating, in the courts, the issues that the MCAD decided, even against defendants who "were not named parties in the MCAD proceeding," so long as their "conduct was at issue." 405 Mass. 446, 450-51 (1989). This Court has stated that "[t]he teaching of Brunson" is that "whether a party has been appropriately identified as a wrongdoer in a charge filed with the MCAD so as to support a subsequent civil

---

[6] "[N]either party has identified meaningful distinctions between [Title VII (or other federal anti-discrimination law) and 151B] that would affect the outcome here." Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 n.9, 218-19 (1st Cir. 2016). It is even possible that 151B is more flexible with respect to administrative exhaustion than laws like Title VII, given that 151B states it should "be construed liberally for the accomplishment of its purposes." Brown v. Office of Comm'r of Probation, 475 Mass. 675, 679 (2016) (citation and internal quotation marks omitted).

[7] The contours of the exceptions differ among the federal circuits. See Chatman v. Gentle Dental Ctr. of Waltham, 973 F. Supp. 228, 235 (D. Mass. 1997) (reviewing cases); see also McKinnon v. Kwong Wah Rest., 83 F.3d 498, 505 (1st Cir. 1996).

7

action against that party is a matter to be determined from a reading of the charge as a whole." Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228, 234 (D. Mass. 1997). The rule in this District since Chatman has been that "[i]f the charge put that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding, then the party appropriately may be named as a defendant in a later civil complaint alleging a violation of Chapter 151B."[8] Id.; see also Dyjak v. Baystate Health Sys., Inc., 945 F. Supp. 2d 197, 205 (D. Mass. 2013).

C. Discussion

Accepting the Amended Complaint's factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has "plausibly allege[d]" Campbell had notice of and an "opportunity to participate" in the EEOC proceeding. Nolet, 197 F. Supp. 3d at 307 n.6; Chatman, 973 F. Supp. at 234. Plaintiff alleges his November 2015 EEOC intake questionnaire, which stated that Campbell had discriminated against him, "was provided to" Campbell.[9] Doc. 12 at 12; see also Doc. 1-2 at 2. Moreover, in the February 2016 EEOC charge, Campbell was the focus of the particulars section. Doc. 14-5 at 3-4. Given that Campbell's alleged behavior was central to the EEOC charge, the Court, "draw[ing] on its judicial experience and common sense," can reasonably infer that Brink's told Campbell of the

---

[8] The Court notes that Chatman has been cited, either with approval or without any disagreement, by the SJC and in two reported Massachusetts Appeals Court decisions, albeit for different propositions than the one discussed supra. See Thomas v. EDI Specialists, Inc., 437 Mass. 536 (2002); Beaupre v. Cliff Smith & Asscs., 50 Mass. App. Ct. 480 (2000); and King v. First, 46 Mass. App. Ct. 372 (1999). Chatman has also been cited in numerous unreported decisions for the proposition discussed supra.

[9] Although the intake questionnaire is not a formal charge, the fact that it was provided to Campbell is relevant to whether he had notice of EEOC activity, particularly because on the questionnaire Plaintiff stated that Campbell was responsible for the discrimination and that he "want[ed] to file a charge of discrimination." Doc. 1-2 at 2, 4.

8

charge, most likely during an internal investigation.[10]  Iqbal, 556 U.S. at 679.  Even assuming such an inference were unreasonable, Plaintiff alleges Campbell was aware of the EEOC charge and his "input was involved and considered in the EEOC mediation."  Doc. 12 at 12-13.  Moreover, Campbell had an "opportunity to participate" in the EEOC proceeding:  Brink's was allowed to bring him to the mediation session if it wished, see Doc. 14-6 at 2, and Campbell's "input was involved in" and, presumably, affected the session.[11]  Doc. 12 at 12-13.  Thus, at this early stage of litigation, Campbell is subject to claims under 151B, notwithstanding Plaintiff's failure to name him as a respondent in the EEOC charge.

IV. CONCLUSION

For the foregoing reasons, Defendant's first Motion to Dismiss (Doc. 8) is DENIED AS MOOT and his second Motion to Dismiss (Doc. 13) is DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[10] Internal investigations regarding employment discrimination claims are so common that Title VII protects anyone who has participated in such an investigation from retaliation.  42 U.S.C. § 2000e-3(a); see also Crawford v. Metro. Gov't of Nashville and Davidson County, Tenn., 551 U.S. 271, 273 (2009).

[11] As far as the Court can tell, there is no case clearly defining what constitutes an "opportunity to participate" in an administrative proceeding.  Given 151B's liberal construction clause, see supra n.6, the Court interprets that language broadly.