UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ELLIOTT EICHENHOLZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-cv-11786-LTS |
| BRINK'S INCORPORATED and GORDON CAMPBELL | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER

March 28, 2019

SOROKIN, J.

On February 6, 2019, the Court allowed in part and denied in part the defendants' motion for summary judgment. Doc. No. 112. The sole claim to survive summary judgment was Eichenholz's FMLA retaliation claim insofar as it alleges that the defendants retaliated against him for invoking his FMLA rights by issuing the Performance Improvement Plan ("PIP") or by lowering his 2015 performance review scores. Id. at 18. However, perceiving no damages which could reasonably flow from either of these two actions, the Court ordered Eichenholz to show cause "that he can proceed with the FMLA retaliation claim in light of the Court's ruling by either identifying the damages recoverable under this claim, as defined by the Court, or explaining why such a claim is viable in the absence of any damages." Id. at 19.

On March 13, 2019, Eichenholz filed a show cause response which identified the damages he believes are recoverable under the FMLA retaliation claim, as defined by the Court at summary judgment. Doc. No. 114. On March 20, 2019, defendants filed a response arguing

that none of the types of damages identified by Eichenholz were available to him and asking the Court to grant summary judgment on the FMLA retaliation claim. Doc. No. 115. The Court considers each type of damages identified by Eichenholz in turn.

At the outset, the Court again notes that "the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses." Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 739–40 (2003).[1] "[A] plaintiff may not recover damages for emotional distress under the FMLA." Pagan-Colon v. Walgreens of San Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012). However, the FMLA does entitle Courts to afford a plaintiff whose FMLA rights were violated "such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(B). In this case, Eichenholz did not explicitly include equitable relief within his complaint. He did request "such

---

[1] 29 U.S.C. § 2617 permits an employee whose FMLA rights were violated to recover:
(A) for damages equal to—
    (i) the amount of—
        (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
        (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;
    (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and
    (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and
(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

further relief as this Honorable Court may deem appropriate," so the Court considers whether any equitable relief he now requests is appropriate given the circumstances of the case.

I. Front Pay

In his show cause response, Eichenholz requests front pay in an amount of $833,258. Doc. No. 114 at 4.[2] As Eichenholz notes in his response, "courts have found authority to award front pay under the FMLA from the statutory provision allowing the court to award 'such equitable relief as may be appropriate.'" Burke v. LPM Holding Co., Inc., No. 10-CV-11940-JCB, 2012 WL 13055463, at *3 (D. Mass. Apr. 17, 2012) (quoting 29 U.S.C. § 2617(a)(1)(B)). "A front pay award is the monetary equivalent of the equitable remedy of reinstatement." Id. "[B]ecause front pay is an equitable remedy, there is no doubt that it lies within the court's discretion—not a jury's—to determine whether such relief is warranted." McPadden v. Wal-Mart Stores E., L.P., No. 14-CV-475-SM, 2017 WL 61933, at *3 (D.N.H. Jan. 5, 2017)

Eichenholz has offered no evidence or argument as to why an award of front pay would be causally related to the issuance of the PIP or the lowering of his 2015 performance review scores, should a jury find either or both of those actions were retaliation for his exercise of his FMLA rights. Eichenholz resigned from Brink's and the Court allowed defendants' motion for summary judgment on Eichenholz's constructive discharge theory. Thus, he has no basis to argue now that he was wrongfully terminated or that reinstatement would be an appropriate remedy. Accordingly, front pay is also not an appropriate remedy in this case.[3]

---

[2] Eichenholz also specifically requested front pay in his complaint. Doc. No. 12 at 18.
[3] Eichenholz submitted the expert report of Craig Moore in support of his show cause response for the proposition that an award of $833,258 in front pay is appropriate. Doc. No. 114-1. However, Moore explicitly states in his report that his opinion is about "the economic losses resulting from Mr. Eichenholz being constructively discharged by Brink's," and that it "only addresses the economic consequences arising from his termination." Id. at 2. Because the Court held on summary judgment that Eichenholz was neither constructively discharged nor otherwise

3

II.      Nominal Damages

Eichenholz appears to also seek the opportunity to recover nominal damages. Doc. No. 114 at 5 ("Even were the plaintiff to recover only nominal damages, the plaintiff would still be entitled to reasonable fees and costs."). Though the First Circuit has not yet squarely decided the question of whether nominal damages are recoverable under the FMLA, it has noted the fact that other circuits have determined they are not. Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 334 n.5 (1st Cir. 2005) (citing Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1277 (10th Cir. 2001); Nero v. Indus. Molding Corp., 167 F.3d 921, 930 (5th Cir. 1999)). Additionally, two other district judges in this Circuit, one from the District of Massachusetts, have concluded that nominal damages are not recoverable under the FMLA. See McAleer v. Starbucks Corp., No. CIV.A. 12-11631-RGS, 2014 WL 346004, at *2 (D. Mass. Jan. 31, 2014) ("nominal and consequential damages, including emotional distress damages, are not available under the FMLA"); Colburn v. Parker Hannifin/Nichols Portland Div., 355 F. Supp. 2d 566, 568 (D. Me.), aff'd, 429 F.3d 325 (1st Cir. 2005) ("no nominal or consequential damages are available").

The Court finds that under the weight of authority, both in this Circuit and in others, nominal damages are not available under the FMLA. Eichenholz has cited to no binding or persuasive authority from which to conclude otherwise, nor has he set forth an argument as to why this Court should depart from the reasoning of the courts which have found nominal damages to be unavailable under the FMLA.[4] Accordingly, the Court concludes that Eichenholz

---

wrongfully terminated, Moore's expert report has no bearing on the questions now before the Court.

[4] In his show cause response, Eichenholz cites to a Fourth Circuit case which upheld an award of $1 in nominal damages to a plaintiff on her FMLA claim, McDonnell v. Miller Oil Co., 134 F.3d 638, 640 (4th Cir. 1998). However, five years later, the Fourth Circuit stated explicitly that

4

cannot proceed to trial on the hope of recovering nominal damages under his FMLA retaliation claim.

   III.   New Performance Review

In his show cause response, Eichenholz states, "if it were found that the 2015 performance review was due to defendants' retaliating against Eichenholz for seeking FMLA leave, then the Court should direct the defendants to complete a fair and proper performance review." Doc. No. 114 at 5. While this is a conceivable basis for equitable relief, the FMLA "provides no relief unless the employee has been prejudiced by the violation." Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002). "The remedy is tailored to the harm suffered." Id. Here, Eichenholz has offered no evidence or even argument suggesting what prejudice he suffered as a result of the 2015 performance review.

Even if a jury were to find that the performance review was issued in retaliation for Eichenholz invoking his FMLA rights, there is no evidence from which a factfinder could conclude that its issuance prejudiced him in any way. There is no evidence the review affected him at Brinks in any way. He resigned voluntarily prior to its preparation. It had no bearing on any post-resignation payments or bonuses. There is also no evidence that the review has prejudiced Eichenholz in any way since he departed Brink's. He was unaware of it until discovery in this litigation. As the Court noted in the order on summary judgment, the only evidence Eichenholz submitted with regard to future employment was a statement in a declaration which reads: "[s]ince my termination of employment by Brink's, which included an undeserved performance evaluation for 2015, and despite years of trying, I have been unable to

---

neither emotional distress nor nominal and consequential damages are recoverable under the FMLA. Montgomery v. Maryland, 72 F. App'x 17, 19 (4th Cir. 2003).

find employment equal to or greater than the compensation I received at Brink's." Doc. No. 99-27 at 3. This general conclusory allegation is an insufficient basis from which to infer that the performance review was causally related to the failure to obtain comparable employment.[5] Accordingly, there is no basis to afford the equitable relief Eichenholz seeks in the form of requiring the defendants "to complete a fair and proper performance review." Doc. No. 114 at 5.

IV. Declaratory Judgment

Eichenholz also seeks a declaratory judgment. Doc. No. 114 at 4. However, he did not include declaratory relief in his complaint or in any of his other submissions to the Court until his show cause response. For the same reasons as the other types of equitable relief sought by Eichenholz, Court finds no basis upon which to conclude that a declaratory judgment in this case would in fact vindicate his rights or remedy any harm he may have suffered.

V. Conclusion

For the reasons stated above, the Court finds that Eichenholz has no basis to recover either monetary or equitable relief on his sole remaining claim for FMLA retaliation, based on the issuance of a PIP or the lowering of his 2015 performance review scores. Accordingly, the motion for summary judgment, Doc. No. 86, is ALLOWED on Count I. A final judgment shall issue.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[5] For example, there is no evidence that Brink's ever shared the performance review with anyone, that Brink's has a policy of sharing such reviews, that any potential employer learned of the review, that any potential employer requested reviews from Brink's or that, once Eichenholz learned of the review in the course of discovery in this litigation, it prejudiced his search for employment in some way.